1 | **KYM SAMUEL CUSHING**
Nevada Bar No.: 4242
2 | **KELLY M. SMITH**
Nevada Bar No.: 9192
3 | **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
4 | Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
5 | Kym.Cushing@wilsonelser.com
Kelly.Smith@wilsonelser.com
6 | *Attorneys for Defendant Costco Wholesale Corporation*

7 | UNITED STATES DISTRICT COURT

8 | DISTRICT OF NEVADA

9 |

10 | DESIRY HALL,                                        CASE NO.: 2:14-CV-01860-MMD-VCF

11 |          Plaintiff,

12 | v.

13 | COSTCO WHOLESALE CORPORATION, a
Washington corporation; DOES 1 through 100; and
14 | ROE CORPORATIONS 1 through 100, inclusive,

15 |          Defendants.

16 |

17 | <u>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**</u>

18 |     The parties agree, through their respective counsel as their authorized representatives, to the

19 | terms and conditions of this Confidentiality Agreement and Stipulated Protective Order

20 | ("Confidentiality Agreement") governing the disclosure, handling and disposition of documents and

21 | information in this litigation as set forth herein.

22 | 1.    <u>**Need and Application.**</u>

23 |     **1.1**    At the heart of this litigation is an alleged incident that occurred on or about March 2,

24 | 2013, outside of the Costco warehouse located in Culver City, California. Plaintiff's claims in this

25 | litigation, including discovery, has or will require the production of confidential business, personnel,

26 | security, proprietary, and personal information of COSTCO WHOLESALE CORPORATION

27 | ("COSTCO"). The discovery requests and/or mandatory disclosure requirements have or may seek

28 | information and production of confidential business and trade secrets, including but not limited to,

722408v.1

1    disclosure of contractual relationships, security and surveillance practices, policies, procedures,

2    video tapes, photographs, training information, and other non-public information of COSTCO.

3            Prior to production, no party can effectively and fully evaluate the claims of the other as to

4    the need for protection. Thus, this Confidentiality Agreement enables the production of documents,

5    at least to the point of evaluating the claims of need for protection, and specifying how such

6    documents need to be treated when produced.   Moreover, pursuant to the terms of this

7    Confidentiality Agreement, any document designated as confidential where that designation is

8    disputed can be identified as such and the matter then submitted to the Court for resolution.

9            In essence, without a Confidentiality Agreement, the court may have to evaluate innumerable

10   documents individually, and this task would likely burden the court and slow the discovery process.

11   Regarding documents that are entitled to protection, disclosure of such confidential information is

12   likely to prejudice the legitimate business, competitive, and/or privacy interests of the parties or of

13   third parties. A Confidentiality Agreement is thus required in this action to enable the documents to

14   be evaluated and to protect against unauthorized disclosure of confidential information and to ensure

15   that such information will be used only for purposes of this action. A Confidentiality Agreement will

16   also expedite the flow of discovery materials, protect the integrity of truly confidential information,

17   promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of

18   material worthy of protection.

19           **1.2**     This Confidentiality Agreement shall govern any document, information or other

20   material that is designated as containing "Confidential Information" or "Attorney's Eyes Only

21   Information" as defined herein, and is produced in connection with this litigation by any person or

22   entity (the "Producing Party" or "Disclosing Party"), whether in response to a discovery request,

23   subpoena or otherwise, to any other person or entity (the "Receiving Party") regardless of whether

24   the person or entity producing or receiving such information is a party to this litigation.

25   2.    **Definitions.**

26           **2.1**     **Confidential Information.** "Confidential Information" shall mean and include,

27   without limitation, any non-public information that concerns or relates to the following areas:

28                                           Page 2 of 15

722408v.1

1   confidential proprietary information, trade secrets, security and surveillance policies, practices and
2   procedures, commercial, financial, pricing, budgeting, and/or accounting information, information
3   about existing and potential customers, marketing studies, performance projections, business
4   strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment
5   information, and confidential proprietary information about affiliates, parents, subsidiaries and third-
6   parties with whom the parties to this action have or have had business relationships.  "Confidential
7   information" may be contained in the following documents: manuals, contracts, correspondence
8   (electronic or otherwise), blueprints, specifications, drawings, security records, security reports,
9   security shift information and staffing levels, security patrols, security policies and procedures,
10  locations of surveillance and security cameras, documents regarding surveillance and security
11  camera capabilities, production documents, analytical reports, certification-related documents, and
12  other documents relating to COSTCO.

13      **2.2    Attorney's Eyes Only Information.** "Attorney's Eyes Only Information" is a subset
14  of Confidential Information that includes any document or testimony that contains highly sensitive
15  proprietary, security, surveillance, private, financial or trade secret information where the disclosing
16  party reasonably believes that disclosure of such information to other parties in the litigation would
17  cause severe competitive damage.

18      **2.3    Documents.** As used herein, the term "documents" includes all writings, records,
19  files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs,
20  electronic messages, other data compilations from which information can be obtained and other
21  tangible things subject to production under the Federal Rules of Civil Procedure.

22  **3.      Initial Designation.**

23      **3.1    Good Faith Claims.** Claims of confidentiality will be made only with respect to
24  documents; other tangible things and information that the asserting party has a good faith belief are
25  within the definition set forth in subparagraph 2.1 of this Confidentiality Agreement. Objections to
26  such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

27

28

722408v.1

3.2    **Produced Documents.** A party producing documents that it believes constitute or contain Confidential Information shall produce copies bearing a label that contains or includes language substantially identical to the following:

**CONFIDENTIAL**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or party makes copies of documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original document.

A party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

A party producing documents that it believes constitute or contain Attorney's Eyes Only Information shall follow the procedures set forth above with respect to Confidential Information, except that the copies shall be produced bearing a label that contains or includes language substantially identical to the following:

**ATTORNEY'S EYES ONLY**

3.3    **Interrogatory Answers.** If a party answering an interrogatory or other discovery demand believes that its answer contains Confidential Information or Attorney's Eyes Only

Page 4 of 15

722408v.1

1   Information, it shall set forth that answer in a separate document that is produced and designated in

2   the same manner as a produced document under subparagraph 3.2. Such answers should make

3   reference to the separately-produced document containing the answer, but such document should not

4   be attached to the response.

5       **3.4    Inspection of Documents**. In the event a party elects to produce files and records for

6   inspection and the requesting party elects to inspect them, no designation of Confidential

7   Information or Attorney's Eyes Only Information needs to be made in advance of the inspection.

8   For purposes of such inspection, all material produced shall be considered as Confidential

9   Information. If the inspecting party selects specified documents to be copied, the producing party

10  shall designate Confidential Information or Attorney's Eyes Only Information in accordance with

11  subparagraph 3.2 at the time the copies are produced.

12      **3.5    Deposition Transcripts**. Within twenty-one (21) days after the receipt of a

13  deposition transcript, a party may inform the other parties to the action of the portions of the

14  transcript that it wishes to designate as Confidential Information or Attorney's Eyes Only

15  Information. Until such time has elapsed, deposition transcripts in their entirety are to be considered

16  as Confidential Information. All parties in possession of a copy of a designated deposition transcript

17  shall mark it appropriately.

18      **3.6    Multipage Documents**. A party may designate all pages of an integrated, multipage

19  document, including a deposition transcript and interrogatory answers, as Confidential Information

20  or Attorney's Eyes Only Information by placing the label specified in subparagraph 3.2 on the first

21  page of the document or on *each* page of the document.  If a party wishes to designate only certain

22  portions of an integrated, multipage document as Confidential Information or Attorney's Eyes Only

23  Information, it should designate such portions immediately below the label on the first page of the

24  document and place the label specified in subparagraph 3.2 on each page of the document containing

25  Confidential Information or Attorney's Eyes Only Information.

26  ///

27  ///

28

722408v.1

4.    **Designations by Another Party.**

    **4.1**    **Notification of Designation.** If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information or Attorney's Eyes Only Information of the non-producing party, the non-producing party may designate the document as Confidential Information or Attorney's Eyes Only Information by so notifying all parties in writing within one hundred twenty (120) days of service of the document.

    **4.2**    **Return of Documents; Nondisclosure.** Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information or Attorney's Eyes Only Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information or Attorney's Eyes Only Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information or Attorney's Eyes Only Information under subparagraph 7.1, until after the expiration of the one hundred twenty (120) day designation period specified in subparagraph 4.1. If during the one hundred twenty (120) day designation period a party discloses a produced document to a person authorized to receive Confidential Information or Attorney's Eyes Only Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information or Attorney's Eyes Only Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party, at the direction of the producing party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information or Attorney's Eyes Only Information by the designating party (i.e. producing party), in accordance with subparagraphs 3.2 and 7.1.

5.    **Objections to Designations.** Any party objecting to a designation of Confidential Information or Attorney's Eyes Only Information, including objections to portions of designations of

1    multipage documents, shall notify the designating party and all other parties of the objection in

2    writing within thirty (30) days of such designation. If a document is first produced less than sixty

3    (60) days before the then-pending trial date, such notification shall occur within half of the time

4    remaining before trial. This notice must specifically identify each document that the objecting party

5    in good faith believes should not be designated as Confidential Information or Attorney's Eyes Only

6    Information and provide a brief statement of the grounds for such belief. In accordance with the

7    Federal Rules of Civil Procedure governing discovery disputes, the objecting and the designating

8    parties thereafter shall confer within ten (10) days after the date of such objection in an attempt to

9    resolve their differences. If the parties are unable to resolve their differences, the objecting party

10   shall have twenty-one (21) days after the conference concludes to file with the Court a motion to

11   remove the Confidential Information or Attorney's Eyes Only Information designation. If an

12   objection is served within forty-two (42) days of trial, the objecting party must file its motion to

13   remove the Confidential Information designation within half of the remaining time before trial, and

14   the meet-and-confer period shall be shortened accordingly. Where a party authored, created, owns,

15   or controls a document, information or other material that another party designates as Confidential

16   Information or Attorney's Eyes Only Information, the party that authored, created, owns, or controls

17   the Confidential Information or Attorney's Eyes Only Information may so inform the objecting party

18   and thereafter shall also be considered a designating party for purposes of this paragraph.

19         All documents, information and other materials initially designated as Confidential

20   Information or Attorney's Eyes Only Information shall be treated as such in accordance with this

21   Confidentiality Agreement unless and until the court rules otherwise, except for deposition

22   transcripts and exhibits initially considered as containing Confidential Information under

23   subparagraph 3.5, which will lose their confidential status after twenty-one (21) days unless so

24   designated as Confidential Information or Attorney's Eyes Only Information. If the court rules that a

25   designation should not be maintained as to a particular document, the producing party shall, upon

26   written request by a party, provide that party a copy of that document without the designation

27   described in subparagraph 3.2.

28
                                     Page 7 of 15

722408v.1

1      If an objecting party elects not to make such a motion with respect to documents, information

2 or other materials to which an objection has been made, the objection shall be deemed withdrawn. If

3 such a motion is made, the moving party shall bear the burden of proving that the document,

4 information, or other material is not entitled to protection under the applicable law.

5   **6.**    <u>Custody.</u> All Confidential Information or Attorney's Eyes Only Information and any and all

6 copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by

7 the receiving party in the custody of counsel of record, or by persons to whom disclosure is

8 authorized under subparagraph 7.1.

9   **7.**    <u>Handling Prior to Trial.</u>

10        **7.1**    <u>Authorized Disclosures.</u> Confidential Information shall be disclosed by the receiving

11 party only to the following persons:

12        a.    Counsel for the parties in this litigation, including their associates, clerks, paralegals,

13 and secretarial personnel;

14        b.    Qualified persons taking testimony in this litigation involving such Confidential

15 Information, and necessary stenographic, videotape and clerical personnel;

16        c.    Experts and their staff who are consulted by counsel for a party in this litigation;

17        d.    Parties to this litigation, limited to the named party and, if that party is a corporate

18 entity, a limited number of employees of the corporate entity and its insurers;

19        e.    Designated in-house counsel and a limited number of assistants, administrative or

20 otherwise;

21        f.    Outside vendors employed by counsel for copying, scanning and general handling of

22 documents;

23        g.    Any person of whom testimony is taken regarding the Confidential Information,

24 except that such person may only be shown Confidential Information during his/her testimony, and

25 may not retain a copy of such Confidential Information; and

26        h.    The Court hearing this litigation and the Court's staff, subject to the Court's processes

27 for filing materials under seal.

28

722408v.1

1    Such disclosures are authorized only to the extent necessary to investigate, prosecute, or
2  defend the litigation.

3    Confidential Information may not be disclosed to persons under subparagraph (c) until the
4  receiving party has obtained a written acknowledgment from the person receiving Confidential
5  Information, in the form of the Declaration attached hereto, that he or she has received a copy of this
6  Confidentiality Agreement and has agreed to be bound by it.  A party who discloses Confidential
7  Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each
8  person receiving Confidential Information, shall maintain a list of all persons to whom a receiving
9  party has disclosed Confidential Information and identify what documents have been disclosed, and
10  shall furnish the written acknowledgements and disclosure list to the court for in camera review
11  upon its request or order. Furnishing the written acknowledgements and disclosure list to the court
12  shall not constitute a waiver of the attorney work product or attorney-client privilege.  Disclosure of
13  Confidential Information to the court supervising this litigation, including judicial staff, shall be
14  made in accordance with subparagraph 7.4 of this Confidentiality Agreement.

15    The disclosure of Attorney's Eyes Only Information is limited in the same ways as set forth
16  above for Confidential Information except that, in addition, Attorney's Eyes Only Information may
17  not be disclosed to persons described above in subparagraphs (d) and (e) without prior written
18  consent by the designating party nor to persons within the categories described above in
19  subparagraphs (c) and (g) without prior notice to the designating party under circumstances allowing
20  the designating party to obtain adequate protection with respect to the Attorney's Eyes Only
21  Information either by agreement or by application to the court.

22    **7.2    Disclosure to Competitors.** Confidential Information and Attorney Eyes Only
23  Information may not be disclosed to competitors of a designating party.  However, if at any time
24  such disclosure is necessary to advance the interest of a party, then before disclosing Confidential
25  Information or Attorney's Eyes Only Information to any authorized person who is a competitor (or
26  an employee of a competitor) of the designating party, the party wishing to make such disclosure
27  shall give at least fourteen (14) days notice in writing to the designating party, stating the names and

28

722408v.1

1   addresses of the person(s) to whom the disclosure will be made, and identifying with particularity

2   the documents to be disclosed. If, within the fourteen (14) day period, a motion is filed objecting to

3   the proposed disclosure, disclosure is not authorized unless and until the court orders otherwise. For

4   purposes of this Confidentiality Agreement, "competitor" is defined as any person or entity that

5   designs, manufactures, assembles or supplies products to or for the market(s) served by the

6   designating party ("competitive products") or components of competitive products.

7        **7.3**   **Unauthorized Disclosures.** All persons receiving Confidential Information or

8   Attorney's Eyes Only Information under the terms of this Confidentiality Agreement agree to the

9   jurisdiction of the state and federal courts located in Nevada for all matters arising from the improper

10  disclosure or use of such information. If Confidential Information or Attorney's Eyes Only

11  Information is disclosed to any person other than in the manner authorized by this Confidentiality

12  Agreement, the party or person responsible for the disclosure, and any other party or person who is

13  subject to this Confidentiality Agreement and learns of such disclosure, shall immediately bring such

14  disclosure to the attention of the designating party. Without prejudice to other rights and remedies of

15  the designating party, the responsible party or person shall make every effort to obtain and return the

16  Confidential Information or Attorney's Eyes Only Information and to prevent further disclosure on

17  its own part or on the part of the person who was the unauthorized recipient of such information.

18       **7.4**   **Court Filings.** In the event any Confidential Information or Attorney's Eyes Only

19  Information must be filed with the court prior to trial, the proposed filing shall comply with the

20  Federal Rules of Civil Procedure.   In accordance with these rules, the proposed filing shall be

21  accompanied by a motion to file the Confidential Information under seal and a proposed order, and

22  the application and proposed order shall be directed to the judge to whom the Confidential

23  Information is directed. This provision is applicable to briefs, memoranda, and other filings which

24  quote, summarize, or describe Confidential Information.

25  **8.**   **Care in Storage.** Any person in possession of Confidential Information or Attorney's Eyes

26  Only Information produced by another party shall exercise reasonable and appropriate care with

27

28

722408v.1

1  regard to the storage, custody, copying, and use of such information to ensure that the confidential
2  and sensitive nature of same is maintained.

3  **9.     Handling During Trial.** Confidential Information and Attorney's Eyes Only Information
4  that is subject to this order may be marked and used as trial exhibits by either party, subject to terms
5  and conditions as imposed by the court upon application by any party.

6  **10.    No Implied Waivers.** Execution of this Confidentiality Agreement shall not be interpreted
7  as a waiver of the right to object, under applicable law, to the furnishing of information in response
8  to discovery requests or to object to a requested inspection of documents or facilities. Parties
9  producing Confidential Information and Attorney's Eyes Only Information in this litigation are
10 doing so only pursuant to the terms of this Confidentiality Agreement. Neither the agreement to, or
11 the taking of any action in accordance with the provisions of this Confidentiality Agreement, nor the
12 failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this
13 action, or any other actions.

14 **11.    No Admission.** Neither this Confidentiality Agreement nor the designation of any item as
15 Confidential Information or Attorney's Eyes Only Information shall be construed as an admission
16 that such material, or any testimony concerning such material, would be admissible in evidence in
17 this litigation or in any other proceeding.

18 **12.    Inadvertent Disclosure.** Nothing in this Confidentiality Agreement abridges applicable law
19 concerning inadvertent disclosure of a document that the disclosing party believes contains attorney-
20 client communications, attorney work product, or otherwise privileged information.  If a party
21 inadvertently discloses documents or information subject to a claim of privilege or work product
22 protection, such disclosure will not waive otherwise applicable claims of privilege or work product
23 protection under applicable law.  Upon discovery by the receiving party, or receipt of written notice
24 from the disclosing party identifying privileged or protected documents that were inadvertently
25 produced, the receiving party shall within seven (7) business days either: (a) return or certify the
26 destruction of all such documents, all copies, and any work product or portions of any work product
27 containing or reflecting the contents of the subject materials; or (b) after attempting to resolve any

28

722408v.1

1   dispute with opposing counsel informally, file a motion to challenge the assertion of privilege and

2   tender the subject documents for *in camera* review with the motion. The moving party shall do

3   nothing to compromise the privilege claim until the court rules on said motion and the opportunity

4   for appellate review is exhausted or the issue is otherwise resolved.

5   **13.    Parties' Own Documents.** This Confidentiality Agreement shall in no way restrict the

6   parties in their use of their own documents and information, and nothing in this Confidentiality

7   Agreement shall preclude any party from voluntarily disclosing its own documents or information to

8   any party or nonparty.

9   **14.    Motion to Compel Production of Confidential Information.** If any third party subpoenas

10  Confidential Information and/or Attorney's Eyes Only Information from a party to this action or

11  moves to compel a party to this action to produce any such information, such party shall

12  immediately notify the parties who originally produced and/or designated such information that a

13  subpoena has been served or a motion has been made in order to allow the parties who originally

14  produced and/or designated such information the opportunity to seek a protective order or oppose the

15  motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking

16  Confidential Information and/or Attorney's Eyes Only Information from a receiving party, the party

17  who originally produced and/or designated such information fails to move for a protective order, the

18  party subject to the subpoena may produce said information. In addition, if a party is ordered to

19  produce Confidential Information or Attorney's Eyes Only Information covered by this

20  Confidentiality Agreement, then notice and, if available, a copy of the order compelling disclosure

21  shall immediately be given the parties who originally produced and/or designated such information.

22  Nothing in this Confidentiality Agreement shall be construed as requiring the party who is ordered to

23  produce such Confidential Information or Attorney's Eyes Only Information to challenge or appeal

24  any order requiring the production of such information or to subject himself/herself to any penalty

25  for non-compliance with any legal process or seek any relief from the court.

26  ///

27  ///

28

722408v.1

This fax was received by GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

1   **15.    No Effect on Other Rights.** This Confidentiality Agreement shall in no way abrogate or
2   diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with
3   respect to Confidential Information.

4   **16.    Modification.** In the event any party hereto seeks a court order to modify the terms of this
5   Confidentiality Agreement, or seeks a protective order that incorporates the terms and conditions of
6   this Confidentiality Agreement said party shall make such request by written stipulation or noticed
7   motion to all parties that must be served and filed in accordance with local court rules.

8   **17.    Handling upon Conclusion of Litigation.** All parties, counsel, and persons to whom
9   disclosure was made agree to return all Confidential Information and Attorney's Eyes Only
10  Information to the producing party within ninety (90) days of the conclusion of litigation between
11  the parties, including final appellate action or the expiration of time to appeal or seek further review.
12  In addition, counsel shall certify in writing that all such Confidential Information and Attorney's
13  Eyes Only Information have been returned. Counsel for each party also shall contact each person to
14  whom that party has provided a copy of any Confidential Information or Attorney's Eyes Only
15  Information and request the documents be returned. In lieu of returning Confidential Information and
16  Attorney's Eyes Only Information, the person or party in possession of such information may elect
17  to destroy it. If the person or party in possession of Confidential Information or Attorney's Eyes
18  Only Information elects to destroy it rather than return it, that person or party must notify the
19  Producing Party in writing of the destruction of the information within ninety (90) days of the
20  conclusion of litigation between the parties, including final appellate action or the expiration of time
21  to appeal or seek further review.

22  **18.    Motion for Protective Order.** Nothing in this Confidentiality Agreement shall preclude any
23  party to this Agreement from filing a Motion for Protective Order as deemed necessary to protect
24  Confidential Information.

25  **19.    Effect of Breach.** The parties to this Confidentiality Agreement recognize that a breach of
26  this Agreement would cause substantial harm to the operations, business and goodwill of the
27  producing party.

28

722408v.1

1   **20.**   <u>Remedies</u>.  The parties acknowledge that they have been informed that if they breach this

2   agreement, the producing party(ies) may obtain preliminary and permanent court injunctions to stop

3   the breach, and may also initiate an action to recover from the breaching party an amount equal to

4   the damages caused by the breach and the loss of revenues derived from the breach, together with all

5   costs and expenses, including the attorney's fees, incurred by producing party(ies) in taking such

6   actions.

7   **21.**   <u>Governing Law</u>.  This Agreement shall be governed and construed in accordance with the

8   laws of the United States and the State of Nevada and all parties consent to the non-exclusive

9   jurisdiction of the state courts and U.S. federal courts located in Nevada for any dispute concerning

10  the breach of this Confidentiality Agreement.

11  **22.**   <u>Survival of the Terms of this Confidentiality Agreement</u>.  Even after the termination of

12  this litigation, the confidentiality obligations imposed by this Confidentiality Agreement shall

13  remain in effect until a producing party otherwise in writing or a court order otherwise directs.

14  **23.**   <u>Final Agreement</u>.  This agreement terminates and supersedes all prior understandings or

15  agreements on the subject matter hereof. This agreement may be modified only by a further writing

16  that is duly executed by all parties.

17  AGREED TO:

18  WILSON, ELSER, MOSKOWITZ,       RICHARD HARRIS LAW FIRM

19  EDELMAN & DICKER LLP

20

21  Kym Samuel Cushing, Esq.           Samantha A. Martin, Esq.

     Nevada Bar No. 4242              Nevada Bar No. 12998

22  Kelly M. Smith, Esq.               801 South Fourth Street

     Nevada Bar No. 9192              Las Vegas, NV 89101

23  300 South Fourth Street, 11th Floor     *Attorneys for Plaintiff*

     Las Vegas, Nevada 89101

24  (702) 727-1400; FAX (702) 727-1401

     *Attorneys for Defendant COSTCO*

25

26

27

28                        Page 14 of 15

722408v.1

From: 7023874998      Page: 17/17      Date: 2/3/2015 10:53:03 AM

## ORDER

UPON STIPULATION OF THE PARTIES and for good cause shown, IT IS HEREBY ORDERED that the parties shall comply with the terms of the joint Confidentiality Agreement and Stipulated Protective Order

IT IS SO ORDERED.

DATED: February 26, 2015 ___, 2015.

U.S. MAGISTRATE JUDGE

IT IS FURTHER ORDERED that motions to seal must also comply with Local Rule 10-5.

722408v.1

This fax was received by GFI FaxMaker fax server. For more information, visit: http://www.gfi.com